**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION**

VICTOR PADI TCHIKAYA,      :

    Petitioner,                      :

vs.                                           :            CA 08-0581-KD-C

MICHAEL B. MUKASEY, et al., :

    Respondents.

## REPORT AND RECOMMENDATION

On October 6, 2008, Victor Padi Tchikaya, a native and citizen of the Republic of Congo (Brazzaville) ordered removed from the United States, petitioned this Court for habeas relief pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed, without prejudice to being filed at a later date, because Tchikaya is no longer in the custody of the United States Immigration and Customs Enforcement ("ICE") arm of the United States Department of Homeland Security.[1]

---

[1] The Clerk of Court is instructed to serve a copy of this report and recommendation and any other future pleadings upon Tchikaya at the following address: 137 West 141st, Apt 50, New York, New York 10030.

**FINDINGS OF FACT**

      1.    Tchikaya is a native and citizen of the Republic of Congo (Brazzaville) who arrived in the United States sometime in 1996. (Doc. 14, at 2) On a number of occasions since 1996, petitioner has applied for asylum. (*Id.*) An Immigration Judge granted his third petition for asylum on April 1, 2004. (*Id.*) A January 25, 2007 motion to reopen removal proceedings was granted and Tchikaya was ordered removed from the United States on April 5, 2007. (*Id.*)[2] In his habeas petition filed on October 6, 2008, Tchikaya's sole argument was that his continued custody by ICE violated the provisions of 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (*See* Doc. 1, at 4 & 6 ("The Judge Page ordered me deported to the Republic of Congo on the April 5th 2007, or to the Mauritania. But the INS officials never tried to get the travel documents on these above mentioned countries; instead, they mistakenly tried to obtain these documents at the 'Democratic Republic of Congo.' [I]t's a different country than where I was born. Obviously, this is the reason why I

---

In addition, the Clerk's Office is instructed to serve a copy of this report and recommendation, along with a copy of the United States' amended response (Doc. 18), on the Federal Public Defender.

[2]    Tchikaya does not challenge his final order of deportation, as evidenced by his failure to appeal the order of deportation. (*See id.*)

am being unlawfully detained for 21 months, contradicting previous judicial decision that only allows the INS to detain a deportee for 6 months. . . . In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which ICE may detain aliens in order to effectuate their removal."))[3] Significantly, petitioner sought immediate release from ICE custody on supervision pending his removal from the United States. (*See id*. at 9 ("Petitioner prays that this Court grant . . . a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody[.]"))

      2.      The United States initially opposed Tchikaya's petition, arguing that petitioner had prevented his removal and, therefore, his petition should be denied. (Doc. 14) Following receipt and review of the United States' response and the petition, and noting the divergent facts presented by the parties, the undersigned entered an order on January 13, 2009, setting the matter down for an evidentiary hearing on April 14, 2009 and appointing the Federal Public Defender to represent Tchikaya. (Doc. 17) "The April hearing in this matter

---

[3] In *Zadvydas*, the Supreme Court held that the post-removal-period detention statute, 8 U.S.C. § 1231, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689, 121 S.Ct. at 2498.

will not be rescheduled or cancelled for any reason other than a showing by the respondents that petitioner has been repatriated to his native Republic of Congo (Brazzaville), as opposed to the Democratic Republic of Congo, or that petitioner has been released on conditions pending his repatriation to his native Republic of Congo." (*Id.* at 3)

3.  The United States filed an amended response to Tchikaya's petition on March 5, 2009. (Doc. 18) This amended response reflects that on March 4, 2009, Tchikaya was released from the Hudson County Correctional Center in Kearny, New Jersey under an order of supervision and an addendum to the order of supervision. (*Id.*, Order of Supervision, Order or Supervision-Addendum & Outprocessing Checklist; *see also id.* Release Notification (dated March 3, 2009))

## **CONCLUSIONS OF LAW**

1.  "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. 2006). Where, as here, a § 2241 petitioner has been

released from federal custody and thereby has garnered the relief sought in filing his habeas corpus petition the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. *See id*.

2. As recognized by the Eleventh Circuit, "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); *see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same). Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Soliman*, 296 F.3d at 1242.

> As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." In fact. "dismissal is required because mootness is jurisdictional."

*Id*. (internal citations omitted).

3. Several district courts (besides this Court) have determined that where an alien is released from ICE custody pending removal from the United States "his petition for *habeas* relief under *Zadvydas* is moot." *He, supra*, 2006

WL 1687796, at *1; *see also Abdalla v. Ashcroft*, 2004 WL 2315089, *2 (W.D. N.Y. 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant Petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution."), *adopted by Abdalla v. Ashcroft*, 2004 WL 2491646 (W.D. N.Y. 2004).

4. This case is indistinguishable from *He* and *Abdalla*. Accordingly, this Court finds that Tchikaya's petition for writ of habeas corpus is now moot because there exists no active case or controversy. This Court can no longer order the federal respondents to release petitioner under an order of supervision, as requested in the petition, because Tchykaya has already been released from the custody of ICE. "Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998). Dismissal of the instant petition is required since mootness is jurisdictional.[4]

---

[4] The Eleventh Circuit has recognized an exception to the mootness doctrine which the undersigned does not find applicable in the instant case.

Although there is an exception to the mootness doctrine when the action being challenged by the lawsuit is capable of being repeated *and* evading review, we have held that "this exception is 'narrow,' and applies only in 'exceptional

## **CONCLUSION**

The Magistrate Judge recommends that Victor Padi Tchikaya's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED WITHOUT PREJUDICE** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 10th day of March, 2009.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

---

situations.'" In particular, the exception can be invoked only when "(1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Simply put, "[t]he remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time."

*Soliman*, 296 F.3d at 1242-1243 (internal citations omitted; emphasis in original). There is simply nothing to suggest that Tchikaya will be placed back into the custody of ICE before ICE obtains a travel document allowing for petitioner's immediate removal from the United States and his return to his native Republic of Congo (Brazzaville). Accordingly, the foregoing exception to the mootness doctrine is inapplicable.

1. ***Objection***. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded)***. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                 s/WILLIAM E. CASSADY
                                                 UNITED STATES MAGISTRATE JUDGE